IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| RJC INDUSTRIES, INC., | : | BANKRUPTCY NO.: 1-96-bk-00012 |
| DEBTOR | : | |
| OFFICE OF THE U.S. TRUSTEE, | : | {**Nature of Proceeding**: Defendant's Supplemental Motion to Dismiss Amended Complaint for Turnover of Funds (Doc. #20)} |
| PLAINTIFF | : | |
| vs. | : | |
| JOHN LOMBARDOZZI, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 1-04-ap-00152** |

# OPINION[1]

Presently before the Court is a Supplemental Motion to Dismiss Amended Complaint for Turnover of Funds filed on October 7, 2005 (Doc. #20).

In considering a motion to dismiss, the accepted rule is "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957). This is axiomatic. *McLain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232, 246, 100 S.Ct. 502, 511, 62 L.Ed.2d 441 (1980).

"At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[m:\users\cathy\...\opinions\04-ap-00152_RJC_UST_v_Lombardozzi.wpd]

allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351 (1992) *citing National Wildlife Federation*, 497 U.S. 871, 889, 110 S.Ct. 3171, 3189 (1990).

Utilizing this standard, as I must, the Court finds that the Amended Complaint alleges sufficient facts to survive this challenge. The Supplemental Motion to Dismiss is therefore denied.

Before leaving discussion of this Motion, the Court wishes to address the affirmative defense raised by the Defendant concerning the statute of limitations as it applies to Count Two of the Complaint (the alleged payment of $159,333.34 in interest by the Debtor to the Defendant). The Defendant indicates that the factual allegations made by the Trustee concerning the alleged payment of interest fall outside a two year period prior to the filing of the instant Complaint. The Defendant's position is that the transfers of interest occurred arguably on December 7, 1999 and certainly no later than March 13, 2000, the day the case was converted to Chapter 7. See Memorandum in Support of Motion to Dismiss (Doc. #21). The Complaint in issue was filed on June 7, 2004. The Defendant draws our attention to 11 U.S.C. § 549(d) (Postpetition Transactions) which provides that actions under that Section may not be commenced after the earlier of two years after the date of the transfer sought to be avoided or the time the case is closed or dismissed. In short, the Defendant argues that this Complaint is barred by the statute of limitations contained in § 549. The Trustee responds that they are not bringing the Complaint under § 549 but, rather, rely on the provisions of 11 U.S.C. § 542 (Turnover of property to the estate), and there is no such limitation embodied in that Section.

This Court, in an earlier Opinion, has adopted a position that § 549(d) is the only

subsection which a trustee may utilize to recover unauthorized postpetition payments. See *United States Trustee v. Jones* (*In re Thornton's Millwork, Inc.*), 209 B.R. 645 (Bkrtcy. M.D.Pa. 1997). The U.S. Trustee indicates that while conducting discovery in a related adversary, the U.S. Trustee learned for the first time in responses to interrogatories of the alleged September 1999 payment of the Debtor to the Defendant of the interest component of this underlying Complaint. Furthermore, this payment was classified in a monthly operating report as an administrative expense but was included as a lump sum line item of approximately $350,000.00. While not succinctly describing the concept of equitable tolling, the U.S. Trustee's response hints at that concept. Equitable tolling has been applied to cases where applicable under 11 U.S.C. § 549(d). *Olsen v. Zerbetz*, 36 F.3d 71, 73 (9th Cir. 1994).

In short, while the running of the statute of limitations was a matter properly raised by the Defendant through a Federal Rule 12(b)(6) Motion to Dismiss, the Court finds, nevertheless, that there is presented enough of a claim by the Plaintiff that it survives this Motion to Dismiss.

An Order will follow.

Date: April 28, 2006

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*